## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **Craft33 Products, LLC,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**United States,**<br><br>　　　　　**Defendant.** | Court No. 24-00224 |

### COMPLAINT

1.　　Craft33 Products, LLC ("Plaintiff"), by and through its counsel, alleges and states as follows:

### INTRODUCTION

2.　　This Court by now is familiar with the Export Buyer's Credit Program ("EBCP") of the Export-Import Bank ("Ex-Im Bank") of China. Normally in a countervailing duty ("CVD") investigation or review, the U.S. Department of Commerce ("Commerce") examines subsidies that a foreign government allegedly has bestowed on mandatory respondents. Instead, in the case of the EBCP, Commerce has reviewed and countervailed a program allegedly extending concessionary financing directly to the respondent's customers for the purchase of subject merchandise.

3.　　Plaintiff is one of a number of American firms caught in the crossfire of Commerce's approach to the EBCP and the wider trade war with China. Despite substantial evidence showing non-use of the program, Plaintiff is being penalized for

the potential use of the EBCP by non-cooperating customers of mandatory respondent The Ancientree Cabinet Company, Ltd. ("Ancientree"). Plaintiff already and at great expense demonstrated non-use of the EBCP in the underlying CVD investigation of wooden cabinets and components from China, even hosting Commerce for verification.[1] The Plaintiff also cooperated fully in the third review, submitting substantial evidence proving again its non-use of the EBCP. Rather than make an adjustment for the non-use of the alleged subsidy program, as directed to do by this Court in a related appeal,[2] Commerce has unlawfully applied the statute on adverse facts available and arbitrarily imposed CVD liability on the Plaintiff, who never once used the program during any period of investigation or review. This action is intended to right the injustice inherent in Commerce's treatment of Plaintiff and to reverse final results that are unsupported by substantial evidence and not in accordance with law.

## JURISDICTION

4.      Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 19 U.S.C. § 1516a(a)(2)(B)(iii) to contest the Final Results of the third administrative review of the CVD order on wooden cabinets and vanities and components thereof from the People's Republic of China ("China"), Case No. C-570-107, issued by the International Trade Administration of the U.S. Department of Commerce. *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Final Results of Countervailing Duty Administrative Review;*

---

[1] *See Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322, 1330 (Ct. Int'l Trade 2024).
[2] *See id.* at 1337-38.

*2022*, 89 Fed. Reg. 88,962 (Dep't Commerce Nov. 12, 2024) ("Final Results") and accompanying Issues and Decision Memorandum ("IDM"), dated Nov. 5, 2024.

5. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c).

## STANDING

6. Plaintiff is a "United States importer" of the subject merchandise and is, therefore, an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). Plaintiff was a party to the contested Commerce proceeding and, therefore, has standing pursuant to 28 U.S.C. § 2631(c) to commence this action.

## TIMELINESS OF ACTION

7. Commerce published the Final Results in the *Federal Register* on November 12, 2024. Plaintiff timely commenced this action by filing with this Court a Summons on December 11, 2024, which fell within 30 days of the publication of the Final Results as required by 19 U.S.C. § 1516a(a)(2)(A) and USCIT Rule 3(a)(2). *See* Summons (Dec. 11, 2024), ECF No. 1. This Complaint is being timely filed within 30 days of the Summons as likewise required by 19 U.S.C. § 1516a(a)(2)(A) and USCIT Rule 3(a)(2). Accordingly, this action is timely commenced pursuant to 28 U.S.C. § 2636(c).

## STANDARD OF REVIEW

8. This Court reviews Commerce's Final Results under 19 U.S.C. § 1516a(b)(1)(B)(i) ("The court shall hold unlawful any determination, finding, or conclusion

3

found— . . . unsupported by substantial evidence on the record, or otherwise not in accordance with law").

## STATEMENT OF FACTS

9.    The CVD order on wooden cabinets and vanities and related components from the People's Republic of China ("China") was imposed pursuant to a final countervailing duty determination issued on February 28, 2020. *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Final Affirmative Countervailing Duty Determination,* 85 Fed. Reg. 11962 (Dep't Commerce Feb. 28, 2020) ("Final Determination").  On April 21, 2020, Commerce published the CVD order in the *Federal Register. See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Countervailing Duty Order*, 85 Fed. Reg. 22134 (Dept' Commerce Apr. 21, 2020).  Mandatory respondent and producer of the subject merchandise, Ancientree, received a final CVD margin of 13.33%.  *See id.* at Final Determination, 85 Fed. Reg. at 11963.  Plaintiff is one of Ancientree's U.S customers and an importer of record of the subject merchandise.  The Final Determination is now the subject of a related appeal pending before this Court.  *See Dalian Meisen Woodworking Co., Ltd. v. United States*, No. 20-00110 (Ct. Int'l Trade) (filed May 19, 2020).

10.    Ancientree was not individually reviewed in the first and second administrative reviews; Ancientree's final CVD liability in each of those reviews remained at 13.33%, which is the cash deposit rate as established in the Final Determination.  *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Preliminary Results of Countervailing Duty*

*Administrative Review, Rescission and Intent to Rescind Administrative Review, in Part; 2019-2020,* 87 Fed. Reg. 27099, 27100-27101 (Dep't Commerce May 6, 2022); *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, Rescission of Administrative Review in Part, and Intent to Rescind; 2021,* 88 Fed. Reg. 29084, 29084-29086 (Dep't Commerce May 5, 2023). Liquidation of Ancientree's entries of subject merchandise during the first and second periods of review remains suspended due to statutory injunctions issued by this Court. *See Dalian Meisen Woodworking Co., Ltd. v. United States*, No. 20-00110, Order for Statutory Injunction Upon Consent, ECF No. 127 (Ct. Int'l Trade, Oct. 11, 2023).

11. Commerce initiated on June 12, 2023, the third administrative review of the CVD order on wooden cabinets and vanities and parts thereof from China. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 38021, 38033 (Dep't Commerce June 12, 2023). The period of review ("POR") for the third administrative review is January 1, 2022 through December 31, 2022.

12. Respondent Ancientree was the producer and exporter of the subject merchandise imported by Plaintiff during the POR. Commerce selected Ancientree as a mandatory respondent in the third review. *See* U.S. Dep't of Commerce, Memorandum, "Respondent Selection," dated August 16, 2023 (Barcode: 4419322-01); *see also Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2022,* 89 Fed. Reg. 35782, 35782 (Dep't Commerce May 2, 2024) ("Preliminary Results").

5

13. In the third administrative review, Commerce examined a number of alleged subsidy programs, including China Ex-Im Bank's EBCP. The Ex-Im Bank through the EBCP allegedly provides concessionary credits to qualifying importers of Chinese merchandise. This program has been the focus of longstanding and ongoing litigation before this Court. In these cases, also involving other subject merchandise imported from China, this Court has remanded to Commerce to correct the unlawful application of adverse facts available, or "AFA," to the EBCP.[3]

14. Plaintiff is a wholly owned subsidiary of Famous Industries, Inc. of Akron, Ohio. *See* Craft33 Products, LLC, Form 13, ECF No. 3.[4] During the POR, Plaintiff was the importer of record for entries of subject merchandise that were manufactured in China by Ancientree. The entries of the subject merchandise were all subject to a CVD cash deposit rate of 13.33%, which was the CVD margin set in the investigation. Of the total cash deposit rate, 10.54% was attributed to the EBCP based on AFA. *See* Memorandum to File from Benito Ballesteros, International Trade Analyst, *Countervailing Duty Investigation of Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Ancientree Final Determination Calculation Memorandum*, dated Feb. 21, 2020 (Barcode: 3947537-01).

---

[3] *See, e.g., Risen Energy Co., Ltd. v. United States*, 2024 Ct. Intl. Trade LEXIS 144, SLIP OP. 2024-144 (Ct. Int'l Trade Dec. 18, 2024); *Risen Energy Co., Ltd. v. United States,* 724 F. Supp. 3d 1356 (Ct. Int'l Trade 2024); *Dalian Meisen Woodworking Co., Ltd. v. United States*, 719 F. Supp. 3d 1322 (Ct. Int'l Trade 2024); *Dalian Meisen Woodworking Co., Ltd. v. United States*, 2023 Ct. Intl. Trade LEXIS 70, SLIP OP. 2023-57 (Ct. Int'l Trade, Apr. 20, 2023); *Dalian Meisen Woodworking Co. v. United States*, 2022 Ct. Intl. Trade LEXIS 52, SLIP OP. 2022-45 (Ct. Int'l Trade, May 12, 2022).

[4] Famous Enterprises, Inc., in turn, owns 100 percent of Famous Industries, Inc.

6

15. Ancientree in the third administrative review submitted certificates of non-use of the EBCP on behalf of its unaffiliated U.S. customers, including Plaintiff, on October 19, 2023. *See* Ancientree Sec. III QR at 19-20, Exh.15 (Oct. 19, 2023) (Barcode:4450049-01); *see also Decision Memorandum for the Preliminary Results of the Administrative Review of the Countervailing Duty Order on Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China; 2022*, dated Apr. 26, 2024 ("PDM") at 19 (Barcode: 4550610-02).

16. Commerce also issued an "EBC supplemental questionnaire" to Ancientree's U.S. customers, including Plaintiff, requesting additional information regarding all their financing activities during the POR. *See* PDM at 19. Plaintiff, among several other Ancientree customers, completed this burdensome questionnaire, and Ancientree collectively submitted the customers' responses on February 29, 2024. *See* Ancientree EBC Supp. QR (Feb. 29, 2024), at Customer L (Barcode: 4516943-01).

17. Commerce issued the Preliminary Results of the third administrative review on May 2, 2024. *See* Preliminary Results, 89 Fed Reg. at 35782, and accompanying PDM. Ancientree received a preliminary CVD rate of 14.23%. *See* Preliminary Results*,* 89 Fed. Reg. at 35783.

18. As part of the Preliminary Results, Commerce noted that Ancientree had not provided EBC questionnaire responses for all customers and further that the Government of China ("GOC") had not cooperated in furnishing relevant information on the EBCP to Commerce. *See* PDM at 17-19. Consequently, Commerce applied AFA to the EBCP pursuant to 19 U.S.C. § 1677e(a) and (b) and preliminarily

calculated a 6.28% margin for the EBCP. *See* Memorandum to John McGowan, Program Manager, from Suresh Maniam, International Trade Compliance Analyst, *Preliminary Result Calculations for The Ancientree Cabinet Co. Ltd.*, dated Apr. 26, 2024, at 1 (Barcode: 4551296-01). Ancientree received no reduction in the preliminary rate despite substantial record evidence demonstrating non-usage during the POR by at least some customers, including Plaintiff.

19. Plaintiff timely entered a notice of appearance in the third administrative review on May 17, 2024. *See* Craft33 Products, LLC, Notice of Appearance, dated May 17, 2024 (Barcode: 4561502-01).

20. Ancientree filed a case brief with Commerce on June 3, 2024, arguing that the record before Commerce demonstrated that Ancientree neither used nor benefitted from the EBCP and that Commerce disregarded evidence on the record supplied by Ancientree and on behalf of its customers, including statements of non-use of the EBCP. *See* Ancientree Case Brief, dated June 3, 2024, at 4-8 (Barcode: 4570298-01) ("Ancientree Case Br."). Ancientree further argued that Commerce "should set up customer specific rates for the case, with no EBC program included in the rate for the customers that were successfully verified for non-use." *Id*. at 7.

21. Plaintiff filled a Letter in Lieu of Case Brief on June 3, 2024. *See* Craft33 Products, LLC, Letter in Lieu of Case Brief, dated June 3, 2024 (Barcode: 570177-01) ("Craft33 Letter ILO Case Br."). In the letter, Plaintiff expressed support for the arguments made in Ancientree's Case Brief, including those related to customers' non-use of the EBCP. *See id.* at 2. Plaintiff further explained:

> Craft33 certified as to its non-use of this program during the {POR} and completed a response to the Department's supplemental questionnaire on this

8

program. Craft33 takes this opportunity to reiterate that it has never, whether during this POR or otherwise, applied for, had access to, or received credit or any other financial support or assistance from the Export-Import Bank of China. *Id*.

22. On October 24, 2024, Plaintiff's counsel met via video teleconference with Commerce to discuss the applicability of related developments in U.S. Court of International Trade jurisprudence.[5] Commerce subsequently submitted a memorandum to the file summarizing this meeting with Plaintiff's counsel. *See* Memorandum to File from John McGowan, Program Manager, *2022 Countervailing Duty Administrative Review of Wooden Cabinets and Vanities and Components Thereof from China: Craft33 Conversation,* dated Oct. 24, 2024 (Barcode: 4653501-01).

23. Commerce published the Final Results on November 12, 2024, setting for Ancientree a final CVD assessment rate of 11.99%. *See* Final Results, 89 Fed. Reg. at 88963. Commerce continued to apply AFA as to the EBCP and refused any reduction in the final CVD assessment rate for any companies, including Plaintiff, who had demonstrated non-use of the program. The margin for the EBCP remained at 6.28%. *See* Memorandum to John McGowan, Program Manager, from Suresh Maniam, International Trade Compliance Analyst, *Final Results Calculations for The Ancientree Cabinet Co. Ltd.*, dated Nov. 5, 2024, at 1 (Barcode: 4661486-01). Without the EBCP rate, Plaintiff's final CVD assessment rate would have been a most 5.71%.

---

[5] In an appeal of the underlying Final Determination, the Court has remanded to Commerce three times over the ECBP. Most recently, the Court required Commerce to deduct the full amount attributable to the EBCP from the final assessment rates of customers who had demonstrated non-use, including Plaintiff. *See Dalian Meisen Woodworking Co., Ltd.*, 719 F. Supp. 3d at 1337-38.

24. This appeal timely followed. See Summons (Dec. 11, 2024), ECF No. 1.

## COUNT ONE

25. Paragraphs 1-24 are incorporated by reference.

26. Plaintiff submitted extensive evidence to the record in the third administrative review, including through mandatory respondent Ancientree, proving that it did not use or in any way benefit from the EBCP during the POR. Commerce previously verified Plaintiff's non-use in another segment of the proceeding, and Plaintiff was willing and able to be verified again, either in person or remotely. Commerce chose not to verify Plaintiff, ignored the substantial evidence on record of non-use and applied AFA to the Ancientree assessment rate applicable to Plaintiff in a manner inconsistent with 19 U.S.C. § 1675(a)(1)(A); 19 U.S.C. § 1677e; 19 C.F.R. § 351.308; and 19 C.F.R. § 351.212. Commerce's decision to countervail the EBCP as to Plaintiff is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

27. Paragraphs 1-26 are incorporated by reference.

28. Commerce received uncontroverted evidence that Plaintiff never benefitted from the EBCP during the POR. Commerce denied an adjustment to Plaintiff's assessment rate to account for non-use of the EBCP, rendering Plaintiff's final CVD assessment rate inaccurate and punitive, and in direct contradiction to its treatment of Craft33 LLC, Inc. in another segment of the same proceeding. Commerce's action to include the EBCP rate in the Plaintiff's final CVD assessment rate was therefore arbitrary, capricious, and an abuse of discretion.

**PRAYER FOR JUDGMENT AND RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff;

2. Hold as unlawful those portions of the Final Results that are the subject of this Complaint;

3. Find that Plaintiff did not use the EBCP during the POR and hence remand this proceeding to Commerce with instructions to adjust Plaintiff's final CVD assessment rate by deducting 6.28%, the full amount attributed to the EBCP, from the final CVD margin applicable to Plaintiff; and

4. Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully,

/s/ Ronald J. Baumgarten

Ronald J. Baumgarten
James K. Perry

Baker Hostetler LLP
Counsel to Craft33 Products, LLC

Dated: January 9, 2025